# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
## Greenbelt Division

| | | |
|---|---|---|
| 1) | Anita Verma | * |
| | 2222 Woodcut Place | * |
| | Henrico, VA 23233 | * |
| | | * |
| 2) | Danish Verma | * |
| | 110 Higgins Place, Apt 504 | * |
| | Rockville, MD 20852 | * |
| | | * |
| | Plaintiffs | * |
| | | * |
| | v. | *   Case No. _____ |
| | | * |
| | | * |
| 1) | Pennsylvania Higher Education Assistance Agency | * |
| | d/b/a American Education Services | * |
| | 1200 North 7th Street | * |
| | Harrisburg, PA 17102 | * |
| | | * |
| | SERVE: Resident Agent | * |
| | The Corporation Trust, Inc. | * |
| | 351 West Camden Street | * |
| | Baltimore, MD 21201 | * |
| | | * |
| 2) | Navient Solutions, LLC | * |
| | f/k/a Sallie Mae, Inc. | * |
| | 2001 Edmund Halley Drive | * |
| | Reston, VA 20191 | * |
| | | * |
| | SERVE: Resident Agent | * |
| | CSC-Lawyers Incorporating Service Co. | * |
| | 7 St. Paul Street, Ste 820 | * |
| | Baltimore, MD 21202 | * |
| | | * |
| 3) | Betsy DeVos, Secretary | * |
| | U.S. Dept. of Education | * |
| | 300 Maryland Avenue, SW | * |
| | Washington, DC 20202 | * |
| | | * |
| | SERVE: General Counsel | * |
| | U.S. Dept. of Education | * |
| | 300 Maryland Avenue, SW | * |

Washington, DC 20202        *

# COMPLAINT

Plaintiffs, Danish Verma and Anita Verma, by and through undersigned counsel, Michael A. Ostroff, Esq. and Montero Law Group, LLC, hereby seeks a declaratory judgment and accounting to determine whether certain student loans were satisfied or, in the alternative, for an accounting and determination of the amounts owed, if any, and a Writ of Mandamus to the Secretary of the U.S. Department of Education, and complains as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 20 U.S.C. § 1082; 28 U.S.C. § 1331; 28 U.S.C. § 1361; 28 U.S.C. § 1367; and 28 U.S.C. §§ 2201-2202.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(2) and 1391(e)(1)(B)-(C) because one of the Plaintiffs resides in this district, and because a substantial part of the events giving rise to these claims occurred in this district.

## PARTIES

3. Plaintiff Anita Verma (hereinafter "Ms. Verma") is currently a resident of Henrico, Virginia, and the daughter of Plaintiff Danish Verma.

4. Plaintiff Danish Verma (hereinafter "Mr. Verma") is currently a resident of Rockville, Maryland, and is the father of Plaintiff Anita Verma.

5. Defendant Pennsylvania Higher Education Assistance Agency, Inc., which does business as American Education System, (hereinafter "PHEAA"), is a Pennsylvania corporation which does business in the State of Maryland as a federal student loan originator and servicer.

6. Defendant Navient Solutions, LLC (hereinafter "Navient") is a Delaware limited liability company, and a successor to Sallie Mae, Inc., which does business in the State of Maryland as a federal student loan originator and servicer.

7. Defendant Elisabeth DeVos (hereinafter "Secretary") is the Secretary of the United States Department of Education (hereinafter "USDOE") and is sued in her official capacity.

8. In her official capacity, the Secretary oversees all operations of the USDOE and the administration of federal student loan programs, including those relevant herein, and has the ultimate duty and power to collect, discharge, cancel, settle, or compromise federal student loans. Specifically, the Secretary's duties and powers include:

   a. dictating the form and content of federal student loan Master Promissory Notes;

   b. issuing student loans through the Direct Loan program;

   c. approving the participation of lenders, including Defendant Navient and PHEAA, under Title 20 of the U.S. Code;

   d. determining which schools and programs are eligible to receive federal student loan proceeds;

   e. collecting on federal student loans held by the USDOE, including collecting on defaulted loans through litigation, garnishment of wages, offset of public benefits, and seizure of federal income tax refunds;

   f. entering into contracts with student loan servicers, such as Defendant Navient and PHEAA, and private collection agencies in order to collect on federal student loans;

g. setting standards for and supervising the collection of federal student loans held by other entities; and

h. specifying in regulations when federal student loan borrowers may assert school misconduct as a defense to repayment.

9. The USDOE, through the Secretary, has the right to assignment of, and ultimate repayment on, the federal student loans that are the subject of this Complaint.

## Statement of Facts

10. In September 2000, Ms. Verma enrolled in Corcoran College of Art & Design in Washington, D.C., and she completed her course of studies in May 2003.

11. Prior to enrollment, Ms. Verma lived with her father, Mr. Verma, in, and was a resident of, Henrico County, Virginia.

12. In order to finance her undergraduate education, Ms. Verma applied for and obtained several student loans totaling $44,250, through Sallie Mae, Inc., the predecessor corporation to Navient, under the federal student loan program (hereinafter, the "Student Loans", including:

| Loan | Origination Date | Amount | Program |
| --- | --- | --- | --- |
| *** 9359 | 10/10/2000 | 3,500.00 | FFELP |
| *** 9359 | 9/12/2001 | 5,500.00 | Signature Student |
| *** 9359 | 12/7/2001 | 5,500.00 | FFELP |
| *** 9359 | 12/7/2001 | 5,500.00 | FFELP |
| *** 9359 | 12/7/2001 | 2,750.00 | Stafford-Subsidized |
| *** 9359 | 12/7/2001 | 2,500.00 | Stafford-Unsubsidized |
| *** 9359 | 5/15/2002 | 3,000.00 | Signature Student |
| *** 9359 | 5/15/2002 | 3,000.00 | Signature Student |
| *** 9359 | 8/28/2002 | 5,500.00 | Signature Student |
| *** 9359 | 1/15/2003 | 5,500.00 | Signature Student |
| *** 9359 | 4/9/2003 | 2,000.00 | Signature Student |

13. Mr. Verma was a guarantor of each of the Student Loans obtained by Ms. Verma.

14. Mr. Verma began making payments on the Student Loans and Parent Loan as early as 2001, and from August 2001 to August 2003, Mr. Verma made installment payments on the Student Loans, in an amount not less than $3,220.21, according to Mr. Verma's records.

15. On August 1, 2003, the Vermas consolidated the FFELP and Stafford loans, through Sallie Mae, Inc., by obtaining a loan in the amount of $18,881.75 (hereinafter, the "Consolidated Student Loan").

16. From September 2003 through October 2006, Mr. Verma continued to make installment payments, in an amount not less than $8,166.95, according to Mr. Verma's records.

17. Additionally, on or about October 29, 2006, Mr. Verma made a single lump sum payment by personal check to Sallie Mae, Inc. in the amount of $24,839.11, which was processed on November 1, 2006.

18. From November 2006 through November 2015, Mr. Verma continued to make installment payments, in an amount not less than $32,980.40, according to Mr. Verma's records.

19. Accordingly, between August 2001 and November 2015, the Mr. Verma repaid no less than $69,206.67, on federal student loans of $44,250.

20. According to Navient, and its predecessor Sallie Mae, Inc., the Student Loans were satisfied in full as of December 1, 2015.

21. Despite satisfaction of the Navient Student Loans by Mr. Verma, Defendant PHEAA began attempts to collect from Ms. Verma on a loan balance.

22. Upon discovering that Ms. Verma was facing collection for the Student Loans that Mr. Verma had paid in full, Plaintiffs sought verification from Defendant Sallie Mae regarding the loan payoff and further disputed the debt owed to PHEAA.

23. Plaintiffs issued letters to both companies by direct communication, correspondence through counsel, and communication through the U.S. Department of Education.

24. Despite numerous attempts to resolve the matter, Defendants Navient, PHEAA and USDOE have ignored and/or failed to respond to the Plaintiffs.

25. Plaintiffs now file this Complaint and seek the following relief:

### COUNT 1: DECLARATORY JUDGMENT
### (Navient and Secretary)

26. Plaintiffs incorporate all above Paragraphs as if set forth fully herein.

27. Navient, through its predecessor Sallie Mae, serviced the various Student Loans made to Plaintiffs.

28. Said Student Loans were guaranteed and insured by the USDOE and, therefore, the Secretory is responsible for administration and oversight of the federal student loan programs, pursuant to Title 20 of the U.S. Code.

29. Plaintiffs repaid in full, by direct payment, all loans made by Defendant Navient.

30. Plaintiffs therefore seek a declaratory judgment that Plaintiffs' Student Loan obligations have been satisfied in full and that there is no balance due and owing to Navient or PHEAA, or to the USDOE as guarantor and insurer.

### COUNT 2: DECLARATORY JUDGMENT
### (PHEAA and Secretary)

31. Plaintiffs incorporate all above Paragraphs as if set forth fully herein.

32. Plaintiffs repaid in full, by direct payment, all loans made by Defendant Navient and guaranteed by the USDOE.

33. Defendant PHEAA did not in fact satisfy and refinance the Plaintiffs' loans, as there were no loan balances to satisfy.

34. PHEAA's attempt to collect on and enforce the Consolidated Student Loan is unlawful as no benefit was receive by Plaintiffs.

35. Plaintiffs therefore seek a declaratory judgment that PHEAA's Consolidated Loan, and the Agreement, to provide same is null and void and unenforceable, or to te USDOE as a guarantor and insurer.

## COUNT 3: ACCOUNTING
### (Navient and PHEAA)

36. Plaintiffs incorporate all above Paragraphs as if set forth fully herein.

37. Defendant Navient, through its predecessor Sallie Mae, serviced various Student Loans to Plaintiffs.

38. Defendant PHEAA contends that it services a Consolidate Student Loan for Ms. Verma.

39. Said Student Loans and Consolidated Student Loan are guaranteed and insured by the USDOE and, therefore, the Secretory is responsible for administration and oversight of the federal student loan programs, pursuant to Title 20 of the U.S. Code.

40. Plaintiffs made various payments to Navient, through its predecessor Sallie Mae, on their Student Loans.

41. Upon information and belief, Plaintiffs satisfied the Student Loans directly to Navient, through its predecessor Sallie Mae.

42. Plaintiffs contend that no monies were paid by PHEAA to Navient, or its predecessor Sallie Mae, from the Consolidated Student Loans, as the Plaintiffs satisfied the Student Loans directly.

43. Plaintiffs have made demand on Defendant Navient, PHEAA and Secretary for an accounting of all Student Loans held by Navient or its predecessor, Sallie Mae.

44. Plaintiffs therefore seek an accounting by Navient, PHEAA and Secretary for each and every student loan serviced by Navient and/or its predecessor Sallie Mae, including but not limited to the loan numbers, dates of disbursements, dates of payments received and processed, and dates of satisfaction.

### COUNT 4: WRIT OF MANDAMUS
### (USDOE)

45. Plaintiffs incorporate all above Paragraphs as if set forth fully herein.

46. The Secretary is charged with overseeing the federal student loan programs under Title 20 of the U.S. Code.

47. The Secretary has the authority under 20 U.S.C. § 1082(a) to enforce, pay, compromise or release claim or demand.

48. The Secretary has failed to respond to Plaintiffs' inquiry into an accounting and status of the loan, including a provision of any and all documentation related to Plaintiffs' loan origination and satisfaction.

49. Plaintiffs therefore request the issuance of a writ of mandamus directed at the Secretary, on behalf of the USDOE, to require full disclosure of the relevant student loan documentation within the Defendant's possession and control and regarding any and all student loans obtained in the name of either Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Honorable Court enter an Order:

A. Declaring that the Student Loans owed to Defendant Navient, and/or its predecessor Sallie Mae, were satisfied by direct payment by the Plaintiffs and, therefore, no monies are owed to PHEAA on account of the Consolidated Student Loan; and

B. Declaring that the Consolidates Student Loan and Agreement with Defendant PHEAA are null and void and unenforceable; and

C. Requiring Defendants Navient, PHEAA and the Secretary to provide an accounting of all funds disbursed from, and all payments and credits given, to the Plaintiffs on any and all federal student loans, including but not limited to the Student Loans and the Consolidated Student Loan, issued in the name of either Plaintiff; and

D. Issue a Writ of Mandamus directing the Secretary of USDOE to provide any and all documentation in the USDOE's possession and regarding any and all federal student loans, including but not limited to the Student Loans and the Consolidated Student Loan, issued in the name of either Plaintiff; and

E. Awarding attorney's fees and costs as permitted by law.

       Respectfully Submitted,

       **Montero Law Group, LLC**

       */s/ Michael A. Ostroff*
       Michael A. Ostroff, Esq. # 17803
       1738 Elton Road, Suite 105
       Silver Spring, Maryland 20903
       301-588-8100
       *Attorney for Plaintiffs*

## VERIFICATION OF COMPLAINT

I, Danish Verma, hereby affirm under the penalty of perjury that I have read the Complaint and the factual allegations asserted therein are true and correct to the best of my knowledge, information and belief.


/s/ Danish Verma*_____
Danish Verma

* Counsel will retain copy bearing original signature, and permit inspection of same