IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANITA VERMA | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 18-3581** |
| | * | |
| PENNSYLVANIA HIGHER EDUCATION | * | |
| ASSISTANCE AGENCY, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## **MEMORANDUM OPINION**

Plaintiff Anita Verma has brought this action against Defendants Pennsylvania Higher Education Assistance Agency ("PHEAA") and Navient Solutions, LLC ("Navient"), each of which serviced Plaintiff's student loans at some point. In short, she alleges that certain loan proceeds (for which she remains liable) were not disbursed to her or the school that she attended. From these facts, Plaintiff asserts two causes of action (1) a claim for declaratory judgment deeming her debt-free, and (2) a claim for accounting. Both Defendants have moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). ECF Nos. 47, 48. For the reasons that follow, their Motions are **GRANTED** and the Amended Complaint is **DISMISSED** for lack of jurisdiction.[1]

### I.

The Amended Complaint alleges that in September 2000, Plaintiff and her father, Danish Verma, applied for student loans to finance her college education. Mr. Verma obtained two Federal

---

[1] Although SunTrust Bank is a named defendant, it appears that Plaintiff has never attempted to serve it with the Amended Complaint. Thus, the Court deems her claim against SunTrust Bank abandoned.

PLUS Loans for $20,000 ("PLUS Loans") and Plaintiff obtained four Signature Loans for $24,000 ("Signature Loans"). Both sets of loans were serviced by Navient (formerly, Sallie Mae).

Mr. Verma began repaying the PLUS Loans in 2001, which he continued to do until 2003, when they were satisfied by a "Federal Consolidated Loan," also serviced by Navient. Mr. Verma fully repaid the Federal Consolidated Loan in 2015. In 2006, Mr. Verma repaid, in full, the Signature Loans. So far, so good.

The Amended Complaint then states, without foundation, that the Vermas consolidated "FFELP and Stafford loans" in the amount of $18,881.75. What is meant by "FFELP and Stafford loans"? The Amended Complaint does not explain, nor are the terms of the loans described further. Apparently concerned about her escalating debt, Plaintiff obtained "a Consolidation Loan with PHEAA." Again, the terms of that loan are not addressed.

As Plaintiff faced collection on her student loans, the Vermas requested information from Defendants regarding their outstanding debts. Although neither Defendant responded, Plaintiff eventually learned that she obtained "five Federal FFELP Loans" from Navient, totaling $24,500. Inexplicably, Plaintiff maintains that she never received the benefit of those funds. On that assumption, she seeks an order (1) declaring that the "five Federal FFELP Loans" were not disbursed; (2) declaring that the "five Federal FFELP Loans" are "null and void"; (3) declaring that Navient is liable for sums due and owing to PHEAA; and (4) directing Navient to provide an accounting.

The Amended Complaint states that this Court has subject matter jurisdiction under 20 U.S.C. § 1082 and 28 U.S.C. §§ 1331, 1361, 1367, 2201–02. Plaintiff alleges she was a "resident" of Virginia at the time the suit began, that Navient is "a Delaware limited liability company," and that PHEAA is "a Pennsylvania corporation."

## II.

A motion to dismiss under Rule 12(b)(1) based on lack of subject matter jurisdiction challenges a court's authority to hear and decide a case. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). The court "may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. Ltd. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83 (1998)). Where a motion challenges the sufficiency of jurisdictional allegations, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

As a "threshold matter," the requirement that a plaintiff establish subject matter jurisdiction is "inflexible and without exception." *Steel Co.*, 523 U.S. at 94–95 (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Accordingly, Rule 12(b)(1) motions are "properly granted where a claim fails to allege facts upon which the court may base jurisdiction." *Davis*, 367 F. Supp. 2d at 799.

## III.

Under even the most generous reading, the Amended Complaint fails to allege facts that establish this Court's subject matter jurisdiction. Defendants correctly note that none of the statutory bases asserted in the Amended Complaint suffices. *See* Am. Compl. ¶ 1. The Amended Complaint cites 20 U.S.C. § 1082, which has been cited as a basis for exercising jurisdiction when the Secretary of Education is a party. *See, e.g., Bartels v. Alabama Commercial College, Inc.*, 54 F.3d 702, 709 (11th Cir. 1995). Here, the Secretary of Education is not. Likewise, Plaintiff cites 28 U.S.C. § 1361, which confers jurisdiction in actions seeking to compel federal officials to

perform a duty owed to the plaintiff. No federal officials are a party to this suit. Similarly unavailing is 28 U.S.C. §§ 2201 and 2202, which authorize federal courts to issue declaratory judgments and other remedies. Yet, neither provision "suppl[ies] its own jurisdictional base, and where jurisdiction is lacking, declaratory relief should be denied." *Delavigne v. Delavigne*, 530 F.2d 598, 601 (4th Cir. 1976).

Plaintiff also invokes federal question jurisdiction under 28 U.S.C. § 1331, arguing that her case involves the "validity and enforceability" of loans that must be "interpreted in accordance with the Higher Education Act of 1965[,] other applicable federal statutes and regulations." ECF No. 47-7 at 4. From there, Plaintiff asks the Court to exercise "federal 'arising under' jurisdiction" because her claims "turn on *substantial questions of federal law*." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (emphasis added). But nowhere does she identify what substantial federal questions exist, and the Court finds none.

Although not pled in the Amended Complaint, Plaintiff's Opposition summarily states—in a three-word parenthetical—that the Court has diversity jurisdiction. Notwithstanding that bald assertion, the prerequisites of diversity jurisdiction are plainly not met. Plaintiff's claims involve an amount in controversy that is approximately $24,000. Moreover, even if she satisfied the necessary threshold, the Amended Complaint does not state the citizenship of each party. Instead, Plaintiff has merely alleged that she was a "resident" of Virginia (now, California), that Navient is a "Delaware limited liability company," and that PHEAA is "a Pennsylvania corporation." Am. Compl. ¶¶ 3–6. Accordingly, Plaintiff has not pled diversity jurisdiction.

Finally, because this Court does not have original jurisdiction, there is no basis to exercise supplemental jurisdiction under 28 U.S.C. § 1367.

## IV.

Although subject matter jurisdiction is lacking, it may be helpful to future dealings of the parties to make a few observations. At the Motions Hearing held on November 10, 2020, when the Court sought to clarify precisely what cause of action Plaintiff asserts, Plaintiff's response was, essentially, that she is unsure of what she owes Defendants and seeks the Court's intervention in bringing clarity to her situation. This is not necessarily the basis for a lawsuit. More concerning was the revelation that Plaintiff entered into a "Rehabilitation Agreement" with PHEAA in 2017, in which she allegedly acknowledged the very debts she now contests. Post-hearing, PHEAA produced a copy of the Agreement. Before Plaintiff chooses to proceed in another forum, she should take the fact of this Agreement into account.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motions to Dismiss and the Amended Complaint is **DISMISSED** for lack of subject matter jurisdiction.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

February 10, 2021